UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELAINE LEBLANC PICHON** | **CIVIL ACTION** |
| **versus** | **No. 05-2770** |
| **HOMECOMINGS FINANCIAL NETWORK, INC., et al.** | **SECTION:  I** |

### ORDER AND REASONS

Before the Court is the motion for partial summary judgment of defendants Homecomings Financial Network, Inc., JPMorgan Chase Bank, N.A., RAMP Series 2004-RS4 Trust,[1] and Residential Asset Mortgage Products, Inc.  Defendants argue that no genuine issue of material fact exists with respect to plaintiff's claims pursuant to the Louisiana Unfair Trade Practices Act ("LUTPA") and claim for punitive damages.  In her opposition, plaintiff voluntarily abandons her LUTPA claims.[2]  Plaintiff opposes defendants' motion, however, as it pertains to her claim for punitive damages.

Summary judgment is proper when, after reviewing the "pleadings, depositions, answers to interrogatories . . . [and] affidavits," the court determines that there is no issue of material fact.

---

[1] Defendant RAMP Series 2004-RS4 Trust was terminated as a party to this action on November 2, 2005.  (Rec. Doc. No. 21).

[2] Rec. Doc. No. 22.

1

Fed. R. Civ. P. 56(c).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266, 274 (1986); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).  Once the party seeking the summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).  The showing of a genuine issue is not satisfied by creating some metaphysical doubt as to the material facts by conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 211-12 (1986)

Defendants argue that plaintiff's punitive damages claim cannot meet the requirements set forth in article 3546 of the Louisiana Civil Code.  In Louisiana, punitive damage awards are not recoverable unless expressly authorized by statute.  *Mosing v. Domas*, 830 So. 2d 967, 973 (La. 2002) (citing *Int'l Harvester Credit v. Seale*, 518 So. 2d 1039, 1041 (La. 1988)).  Article 3546 governs the conflict of law determination in claims for punitive damages where other state laws may be applicable.[3]  *Tubos de Acero de Mex. v. Am. Int'l Inv. Corp.*, 292 F.3d 471, 488-89

---

[3]Article 3547 allows for relief from the strictures of article 3546 in exceptional cases where "it is clearly evident . . . that the policies of another state would be more seriously impaired if its law were not applied to the particular issue."  Plaintiff has not argued that this article should apply.

(5th Cir. 2002).  Article 3546 provides:

> Punitive damages may not be awarded by a court of this state unless authorized:
>
> (1) By the law of the state where the injurious conduct occurred and by either the law of the state where the resulting injury occurred or the law of the place where the person whose conduct caused the injury was domiciled; or
>
> (2) By the law of the state in which the injury occurred and by the law of the state where the person whose conduct caused the injury was domiciled.

"This [a]rticle authorizes the award of punitive damages when such damages are imposed by the laws of all three or of any two of these states."  La. Civ. Code Ann. art. 3546 cmt. b.  Plaintiff agrees that article 3546 provides the correct analysis for her punitive damages claim.[4]

The Court finds that plaintiff's allegations do not create an issue of material fact with respect to her claim for punitive damages.  Plaintiff has not provided sufficient evidence to suggest that the conduct at issue in this matter falls within the ambit of article 3546.  In particular, plaintiff has not shown that any significant part of the injurious conduct occurred in a state permitting punitive damages, as required by subsection (1) of article 3546.[5]

Accordingly,

**IT IS ORDERED** that defendants' motion for partial summary judgment is **GRANTED**.

New Orleans, Louisiana, January   30th, 2006.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[4] Rec. Doc. No. 22, p. 4-5.

[5] Plaintiff's opposition does not include any allegations relating to subsection (2) of article 3546.